RECEIPT # 65655
AMOUNT $ 250
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-15-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 JUL 15 P 3: 39
U.S. DISTRICT COURT
DISTRICT OF MASS

KDK ENTERPRISES, INC.
Plaintiff,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
Defendant.

CIVIL ACTION NO.

05 11509 RCL

**COMPLAINT**

Alexander

Parties and Jurisdictional Statement

1. The Plaintiff, KDK Enterprises, Inc. (hereinafter "KDK") is a Massachusetts corporation with a usual place of business in Newton, Middlesex County, Massachusetts.

2. The Defendant, Travelers Casualty and Surety Company of America (hereinafter "Travelers") is an insurance company duly licensed to transact business in the Commonwealth of Massachusetts with a principal place of business in Hartford, Connecticut.

4. This matter arises from a construction project for the Massachusetts Housing Finance Agency as owner and interim asset manager for the United States Department of Housing and Urban Development known and referred to as “MHFA Project #96-006 Academy Homes II, Boston, Suffolk County, Massachusetts (the "Project").

5. KDK is a painting subcontractor to ODF/Hoon/Peabody, Joint Venture (“OHP”), as general contractor on the Project.

6. Travelers is payment bond surety to OHP, a copy of which is attached hereto as Exhibit A.

7. Jurisdiction is proper in this Court pursuant to 28 USC §1332 and the amount in controversy exceeds $75,000.00 and KDK and Travelers are citizens of different states within the meaning of said statutes.

8. In the alternative, Jurisdiction is proper in the Court pursuant to 40 USC §3131 and §3133 (formerly 40 USC §270b and §270c), also known as the Miller Act.

**COUNT I**

9. KDK Enterprises, Inc. hereby incorporates paragraphs numbered one through eight above, herein.

10. The base amount of the subcontract between KDK and OHP for the Project is $782,000.00.

11. KDK performed extra work on the Project totaling $1,171,254.00.

12. KDK has received payment and applied credits on account totaling $1,341,024.00 leaving a balance of $612,230.00 exclusive of court costs and statutory interest.

13. KDK performed its contractual obligations in a good, workmanlike and timely manner.

14. KDK is entitled to the benefits and protections of the payment bond posted by Travelers for the Project (whether posted pursuant to the Miller Act or privately) and has complied with all conditions precedent necessary to the maintenance of this action.

15. KDK made demand a good and sufficient demand on Travelers in accordance with the terms of the Bond on or about January 13, 2005.

16. KDK further cooperated with Travelers and provided Travelers with additional information, including a completed "Claim Form" on or about March 16, 2005.

17. In breach of its contractual obligations under the bond, Travelers failed and refused to make payment under the bond as demanded by KDK.

18. Also in breach of its contractual obligations under the bond, Travelers failed and refused to issue a timely decision on KDK's claims.

19. KDK has been damaged as a consequence of the matters complained of herein.

20. KDK is entitled to be made whole for and on account thereof.

21. KDK is entitled to entry of judgment against Travelers together with an award of statutory interest and costs in connection with this action as provided by the terms.

WHEREFORE, the Plaintiff, KDK Enterprises, Inc., demands judgment against the Defendants, Peabody Construction Co., Inc. and Travelers Casualty and Surety Company of America, jointly and severally, in an amount to be determined at trial, plus interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

**COUNT II – C. 93A, C. 176D - Travelers**

22. KDK Enterprises, Inc. hereby incorporates paragraphs numbered one through twenty-one above herein.

23. Travelers is a surety within the definitional section of G.L. c. 176D.

24. Both Travelers and KDK are engaged in trade or commerce within the meaning of such terms in M.G.L. c. 93A, §11.

25. Travelers failed to implement and follow appropriate procedures to investigate, keep itself apprised of the defaults of its principal and make reasonable effort to effectuate proper resolution of claims in a timely manner.

26. Travelers failed to comply with the terms of the bond as noted herein above.

27. Travelers has failed, refused and neglected to address the matter in a reasonable manner as required by the mandate of G.L. c. 176D.

28. KDK has made repeated demand for the sums demanded herein.

29. Travelers has forced KDK to implement litigation in order to recover sums due to which no legitimate good faith defense exists as to all, or at least substantial portions, of the sums demanded.

30. The nonpayment by Travelers is calculated to wrongfully leverage KDK in respect to monies due and owing.

31. The nonpayment by Travelers is calculated to put KDK in the position of financing the obligations of Peabody and Travelers over an extended period of time.

32. Said conduct by the Travelers is in violation of M.G.L. c. 176D and c. 93A, §11.

33. Travelers is liable to KDK for and on account of all conduct as complained both herein and in Counts I above.

WHEREFORE, the Plaintiff, KDK Enterprises, Inc., demands judgment enter against the Defendant, Travelers Casualty and Surety Company of America, in an amount to be determined at trial, plus triple interest, triple costs, attorney's fees, and such other relief as this Court may deem appropriate.

KDK ENTERPRISES, INC.
By its Attorneys,

Date: 7 · 14 · 05

Patrick J. Sullivan, Esq., BBO# 548752
James G. Grillo, Esq., BBO# 638730
Heafitz & Sullivan
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000





Exhibit A

# Payment Bond

## AIA Document A312 - Electronic Format

BOND NUMBER: 103316488

CONTRACTOR *(Name and Address)*:
ODF/HOON/PEABODY, Joint Venture
1960 Washington Street
Boston, Massachusetts 02108

SURETY *(Name and Principal Place of Business)*:
TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA
300 Crown Colony Drive
Quincy, Massachusetts 02169

OWNER *(Name and Address)*:
MASSACHUSETTS HOUSING FINANCE AGENCY
One Beacon Street
Boston, Massachusetts 02108

CONSTRUCTION CONTRACT
Date:
Amount: $45,367,275.00
Description *(Name and Location)*: MHFA PROJECT #96-006
ACADEMY HOMES II, Boston, Massachusetts

BOND
Date (Not earlier than Construction Contract Date):
Amount: $45,367,275.00
Modifications to this Bond: [X] None [ ] See Page

CONTRACTOR AS PRINCIPAL
Company: (Corporate Seal)
ODF/HOON/PEABODY, Joint Venture

Signature: [signature]
Name and Title: EDWARD A. FISH, JR., President

SURETY
Company: (Corporate Seal)
TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA

Signature: [signature]
Name and Title: DEBRA J. RIGDON, Attorney-in-Fact

(Any additional signatures appear on the last page)

*(FOR INFORMATION ONLY - Name, Address and Telephone)*

AGENT or BROKER:
OLDE BAY INSURANCE AGENCY, INC.
6 City Square, P.O. Box 290788
Boston, MA. 02129
(617) 242-2800

OWNER'S REPRESENTATIVE (Architect, Engineer or other party):

AIA DOCUMENT A312• PERFORMANCE BOND AND PAYMENT BOND • DECEMBER 1984 ED. • AIA ®• THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 • THIRD PRINTING • MARCH 1987. WARNING: Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

1 The Contractor and the Surety, jointly and severally bind emselves, their heirs, executors, administrators, successors d assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference.

2 With respect to the Owner, this obligation shall be null and void if the Contractor:

**2.1** Promptly makes payment, directly or indirectly, for all sums due Claimants, and

**2.2** Defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity whose claim, demand, lien or suit is for the payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, provided the Owner has promptly notified the Contractor and the Surety (at the address described in Paragraph 12) of any claims, demands, liens or suits and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety, and provided there is no Owner Default.

3 With respect to Claimants, this obligation shall be null and void if the Contractor promptly makes payment, directly indirectly, for all sums due.

4 The Surety shall have no obligation to Claimants under this Bond until:

**4.1** Claimants who are employed by or have a direct contract with the Contractor have given notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.

**4.2** Claimants who do not have a direct contract with the Contractor:

.1 Have furnished written notice to the Contractor and sent a copy, or notice thereof, to the Owner, within 90 days after having last performed labor or last furnished materials or equipment included in the claim stating, with substantial accuracy, the amount of the claim and the name of the party to whom the materials were furnished or supplied or for whom the labor was done or performed; and

.2 Have either received a rejection in whole or in part from the Contractor, or not received within 30 days of furnishing the above notice any communication from the Contractor by which the Contractor has indicated the claim will be paid directly or indirectly; and

.3 Not having been paid within the above 30 days, have sent a written notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and enclosing a copy of the previous written notice furnished to the Contractor.

5 If a notice required by Paragraph 4 is given by the Owner to the Contractor or to the Surety, that is sufficient compliance.

6 When the Claimant has satisfied the conditions of Paragraph 4, the Surety shall promptly and at the Surety's expense take the following actions:

**6.1** Send an answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

**6.2** Pay or arrange for payment of any undisputed amounts.

7 The Surety's total obligation shall not exceed the amount of this Bond, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

8 Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any Construction Performance Bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and the Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

9 The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligations to make payments to, give notices on behalf of, or otherwise have

A DOCUMENT A312• PERFORMANCE BOND AND PAYMENT BOND • DECEMBER 1984 ED. • AIA ®• THE AMERICAN INSTITUTE OF CHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 • THIRD PRINTING • MARCH 1987. WARNING; Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

obligations to Claimants under this Bond.

10 The Surety hereby agrees that it consents to and waives notice of any change, addition, alteration, omission, including changes of time, or other modification to the Construction Contract or to related subcontracts, purchase orders and other obligations. Any additional, alteration, change, extension of time, or other modification of the Construction Contract or to related subcontracts, purchase orders and other obligations, or a forbearance on the part of the Owner, the Contractor, or any other party, shall not release the surety of its obligations hereunder, and notice to the surety of such matters is hereby waived.

11 No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable

12 Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the signature page. Actual receipt of notice by Surety, the Owner or the Contractor, however accomplished, shall be sufficient compliance as of the date received at the address shown on the signature page.

13 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

14 Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor shall promptly furnish a copy of this Bond or shall permit a copy to be made.

## 15 DEFINITIONS

15.1 Claimant: An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Contract. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

15.2 Construction Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

15.3 Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the other terms thereof.

AIA DOCUMENT A312• PERFORMANCE BOND AND PAYMENT BOND • DECEMBER 1984 ED. • AIA ®• THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 • THIRD PRINTING • MARCH 1987. WARNING; Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A312-1984

User Document: A312.DOC -- 1/4/2000. AIA License Number 105821, which expires on 9/6/2000 -- Page #7

**MODIFICATIONS TO THIS BOND ARE AS FOLLOWS:**

(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)

CONTRACTOR AS PRINCIPAL
Company: (Corporate Seal)

Signature:______________________________
Name and Title:

SURETY
Company: (Corporate Seal)

Signature:______________________________
Name and Title:

AIA DOCUMENT A312• PERFORMANCE BOND AND PAYMENT BOND • DECEMBER 1984 ED. • AIA ®• THE AMERICAN INSTITUTE ARCHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 • THIRD PRINTING • MARCH 1987. WARNING: Unlicens photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and ca reproduced without violation until the date of expiration as noted below.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
KDK Enterprises, Inc.

**DEFENDANTS**
Travelers Casualty and Surety Company of America

(b) County of Residence of First Listed Plaintiff: Middlesex County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Out of State
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Patrick J. Sullivan, BBO# 548752 James G. Grillo, BBO# 638730
Heafitz & Sullivan, 56 Chestnut Hill Avenue Boston, MA 02135

Attorneys (If Known)

05 11509 RCL

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 USC §1332
Brief description of cause:
Defendant breached obligations under a private bond.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 612,230.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 7-15-05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE
2005 JUL 15 P 3:39
U.S. DISTRICT COURT
DISTRICT OF MASS.

1. Title of case (name of first party on each side only) KDK Enterprises, Inc. vs. Travelers Casualty and Surety Company of America

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [x] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
- [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V. 150, 152, 153.

05 11509 RCL

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ] NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES [ ] NO [x]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ] NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [x] NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [x] NO [ ]

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division [x] Central Division [ ] Western Division [ ]

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ] Central Division [ ] Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [ ] NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Patrick J. Sullivan and James G. Grillo

ADDRESS Heafitz & Sullivan, 56 Chestnut Hill Avenue, Boston, MA 02135

TELEPHONE NO. 617-562-1000

(CategoryForm.wpd - 5/2/05)