UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KDK ENTERPRISES, INC.,<br>    Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br>    Defendant. | CIVIL ACTION NO. 05 11509 RCL |

## TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

1. Travelers Casualty and Surety Company of America ("Travelers") is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Travelers admits that it is duly licensed to transact business in the Commonwealth of Massachusetts with a principal place of business in Hartford, Connecticut.

3. Omitted from Complaint.

4. Travelers admits that Plaintiff's claim arises from a construction project known and referred to as Academy Homes II, located in Boston, Suffolk County, Massachusetts. Answering further, Travelers denies the remaining allegations set forth in Paragraph 4.

5. Travelers admits that KDK Enterprises, Inc. ("KDK") entered into a subcontract with the Joint Venture with respect to the Project. Answering further,

-2-

Travelers states that the relevant subcontract is a written document, the terms of which are self-explanatory.  Answering further, Travelers denies the allegations contained in Paragraph 5 to the extent they seek to modify or characterize the terms of this written document.

6. Travelers admits that it issued Payment Bond No. 103316488 on behalf of OHP.  Answering further, Travelers states that the Payment Bond is a written document, the terms of which are self-explanatory.  Answering further, Travelers denies the allegations contained in Paragraph 6 to the extent they seek to modify or characterize the terms of the payment bond.

7. Travelers admits the allegations contained in Paragraph 7.

8. Travelers admits the allegations contained in Paragraph 8.

## COUNT I

9. Travelers hereby incorporates its Answers to Paragraphs 1 through 8 above as if fully set forth herein.

10. Travelers admits that KDK Enterprises, Inc. ("KDK") entered into a subcontract with the Joint Venture with respect to the Project.  Answering further, Travelers states that the relevant subcontract is a written document, the terms of which are self-explanatory.  Answering further, Travelers denies the allegations contained in Paragraph 5 to the extent they seek to modify or characterize the terms of this written document.

11. Travelers denies the allegations contained in Paragraph 11.

12. Travelers denies the allegations contained in Paragraph 12.

34013693v1 856207

13. Travelers denies the allegations contained in Paragraph 13.

14. Travelers denies the allegations contained in Paragraph 14.

15. Travelers admits that Plaintiff's counsel directed correspondence to Travelers on or about January 13, 2005. Answering further, Travelers states that the subject correspondence is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 15 to the extent they seek to modify or characterize the terms of this written correspondence.

16. Travelers admits that Plaintiff provided Travelers with a Claim Form on or about March 16, 2005. Answering further, Travelers states that the Claim Form is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 16 to the extent they seek to modify or characterize the terms of this written correspondence.

17. Travelers denies the allegations contained in Paragraph 17.

18. Travelers denies the allegations contained in Paragraph 18.

19. Travelers denies the allegations contained in Paragraph 19.

20. Travelers denies the allegations contained in Paragraph 20.

21. Travelers denies the allegations contained in Paragraph 21.

## COUNT II – c. 93A, c. 176D – TRAVELERS

22. Travelers hereby incorporates its Answers to Paragraphs 1 through 21 above, as if fully set forth herein.

23. Paragraph 23 states a conclusion of law to which no response is required.

24. Paragraph 24 states a conclusion of law to which no response is required.

34013693v1 856207

25. Travelers denies the allegations contained in Paragraph 25.

26. Travelers denies the allegations contained in Paragraph 26.

27. Travelers denies the allegations contained in Paragraph 27.

28. Travelers admits that KDK has made demands on Travelers, but denies any further allegations contained in Paragraph 28 to the extent such allegations seek to characterize the validity or amount of such demands.

29. Travelers denies the allegations contained in Paragraph 29.

30. Travelers denies the allegations contained in Paragraph 30.

31. Travelers denies the allegations contained in Paragraph 31.

32. Travelers denies the allegations contained in Paragraph 32.

33. Travelers denies the allegations contained in Paragraph 33.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Any damage allegedly incurred by Plaintiff has been caused by those over whom Travelers has no control and for whom Travelers is not responsible.

3. Plaintiff's claim may be barred or limited by Plaintiff's failure to comply strictly with the terms of the contract documents relevant to the project upon which the Bond was issued.

4. Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's failure to mitigate its alleged damages.

5. Plaintiff's claims may be barred or limited due to the fact that no funds are due and owing to Plaintiff from either Travelers or its Principal, Peabody Construction.

34013693v1 856207

6. Plaintiff's claims may be barred under the applicable statute of limitations set forth in the relevant contract documents, the bond and/or the applicable law governing Plaintiff's claim.

7. Plaintiff's claims may be barred or limited due to the acts and omissions of the Plaintiff which prejudiced Travelers.

8. Plaintiff's right of recovery in this case is barred or limited to the extent Plaintiff failed to satisfy the conditions precedent set forth in the relevant contract documents, the Bond and/or the applicable law governing Plaintiff's claim.

9. Plaintiff's claims may be barred by the doctrines or waiver, laches and/or estoppel.

10. Plaintiff's claim may be subject to backcharges and/or set-off by Peabody, and Travelers asserts the benefit of same.

11. Plaintiff's claims may be barred or limited by Plaintiff's material and willful breaches of its subcontract with Peabody.

12. Plaintiff's claims are beyond the subject matter jurisdiction of this Court.

WHEREFORE, having fully answered, Travelers respectfully request that this Honorable Court enter judgment in its favor, award Travelers its costs and attorneys fees incurred in defending this action, and grant Traveler such other and further relief as the Court deems just and appropriate.

34013693v1 856207

-6-

                                                Respectfully submitted,
**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**
By its attorneys,

/s/ Jonathan C. Burwood
_____
Bradford R. Carver, BBO #565396
Jonathan C. Burwood, BBO #643674
Hinshaw & Culbertson LLP
One International Place, 3rd Fl.
Boston, MA 02110

Dated: September 7, 2005

34013693v1 856207