UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KDK ENTERPRISES, INC. <br>     Plaintiff, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY <br> COMPANY OF AMERICA, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 05-11509-RCL <br> ) <br> ) <br> ) <br> ) |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

The Plaintiff, KDK Enterprises, Inc. (hereinafter "KDK") and Defendant, Travelers Casualty and Surety Company of America (hereinafter "Travelers"), hereby submit the following Joint Statement pursuant to the Court's Notice under date of September 9, 2005 and Local Rule 16.1(D) in connection with the initial scheduling conference to be held before the Court on November 9, 2005:

I.    JOINT PROPOSED AGENDA

The Parties propose that the Court address the following topics:

A.  Proposed Discovery Plans.

The Parties have been unable to agree on a proposed discovery plan and have set forth separate Plans in Section III below to be considered by the Court.

B.  Trial by Magistrate Judge/Alternative Dispute Resolution.

The parties are amenable to both trial by Judge Magistrate and mediation through an ADR program sponsored by the Federal District Court.

C.  Each party has undertaken to file separately the certification required by Local Rule 16.1(D)3.

II.    Concise Summary of Positions

A.  Plaintiff, KDK Enterprises, Inc.:

This matter arises from a construction project for the Massachusetts Housing Finance Agency as owner and interim asset manager for the United States Department of Housing and Urban Development known and referred to as "MHFA Project #96-006 Academy Homes II, Boston, Suffolk County, Massachusetts (the "Project").  KDK is a painting subcontractor to ODF/Hoon/Peabody, Joint Venture ("OHP"), as general contractor on the Project.  Travelers is payment bond surety to OHP.  KDK made a timely demand for payment on Travelers pursuant to the terms of said payment bond for monies due on the Project in the amount of $612,230.00.  Article 6 of said bond specifically obligates Travelers  "send an answer to claimant . . . within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed" and to "pay or arrange for payment of any undisputed amounts."  The record will reflect that in material breach of its contractual obligations under the bond, Travelers failed to perform either of these actions and further did not respond substantively to KDK's demands at all, essentially "abandoning the field" to its principal, OHP, and forcing KDK to file suit, all in violation of Travelers' obligations under M.G.L. c. 93A and c. 176D.  Accordingly, KDK is entitled to judgment in the amount of $612,230.00 together with costs and interest, as well as multiple damages and legal fees pursuant to C. 93A as may be deemed appropriate by the Court.

B.  Defendant, Travelers Casualty and Surety Company of America:

Travelers disputes that it failed to comply with its obligations under the bond and/or M.G.L. c. 93A and c. 176D.  Travelers further disputes that KDK is entitled to payment under the bond on the grounds that KDK failed to perform its work in a good and workmanlike manner, consistent with KDK's obligations under the relevant subcontract with Travelers' bond principal OHP.  Furthermore, KDK failed to perform its work in a timely manner, resulting in

2

costly project delays. As a direct result of KDK's nonconforming and untimely performance, KDK is responsible for backcharges against its subcontract balance of approximately $226,672.00. The backcharges for which KDK are responsible include, but are not limited to: (1) KDK's share of liquidated damages assessed by the Project owner in the approximate amount of $2.1 million; (2) KDK's share of OHP's general conditions and extended home office overhead costs due to KDK delays; (3) subcontractor backcharges to KDK associated with KDK damage to their work; and (4) OHP backcharges for the cost of cleaning and completion of KDK's outstanding punch list work. KDK is also not entitled to payment of the significant extra work encompassed by KDK's claim, including but not limited to, payment for touch-up paint work and/or achievement of finishes required by the contract documents, as the work identified as extras by KDK is within the scope of KDK's original subcontract. In light of the foregoing, KDK has been overpaid by OHP in connection with the Project. As such, and in light of the well-established fact that Travelers is entitled to assert the defenses available to its principal OHP, KDK is similarly not entitled to payment under Travelers' bond.

III.   PROPOSED DISCOVERY PLANS

The Plaintiff proposes the following initial phased discovery plan:

A. Plaintiff's Phase I:

| Discovery Event | Discovery Completed |
|---|---|
| Written Discovery served | November 30, 2005 |
| Depositions | December 30, 2005 |
| Experts Designated (as needed) | January 30, 2006 |
| All Discovery completed | January 30, 2006 |
| Motions for Summary Judgment filed by | February 28, 2006 |

B.  Plaintiff's Phase II:

| | |
|---|---|
| Additional Document Exchange (as needed) | July 31, 2006 |
| Additional Depositions | September 30, 2006 |
| Experts Designated (as needed) | October 31, 2006 |
| All Discovery completed | November 30, 2006 |
| Motions for Summary Judgment filed by | January 13, 2007 |
| Final Pre-Trial Conference | March 15, 2007 |
| Trial | May 15, 2007 |

It is Plaintiff's position that Defendant's material breach of the terms of the bond preclude it from advancing defenses based on any alleged deficiency in Plaintiff's performance, owner non-payment or similar project specific reason for delaying payment.  National Union Fire Insurance Co. of Pittsburgh, P.A. v. David A. Bramble, Inc., 388 Md. 195 (2005).  Accordingly, Plaintiff submits that it is entitled to Judgment as a matter of law and further that the abbreviated discovery schedule and motion practice set forth above to be sufficient to dispose of this case.  However, in the event that Plaintiff is not successful on summary judgment, it is anticipated that discovery may need to be conducted in order to deal with the underlying construction and contract issues which Plaintiff understands that Defendant intends to raise in defense of this action in order to prepare for trial.

C. Defendant's Proposal:

| | |
|---|---|
| Written Discovery served: | December 15, 2005 |
| Non-Expert Depositions: | March 15, 2006 |
| Plaintiff's Expert Designation: | March 15, 2006 |
| Defendant's Expert Designation: | April 15, 2006 |
| Expert Depositions: | May 15, 2006 |

4

Discovery Completed:             July 15, 2006

Summary Judgment:              August 15, 2006

As KDK's claims, and the defenses available to Travelers, present a complicated and factually intensive dispute, Travelers respectfully asserts that this matter is not conducive to disposition by summary judgment. Nonetheless, to the extent KDK wishes to conduct discovery and file a motion for summary judgment on an expedited basis, Travelers' proposed discovery plan allows for KDK to aggressively prosecute its claim, while allowing the parties an appropriate amount of time to conduct discovery with respect to this complicated construction claim.

C. Discovery Event Limitations

The Parties agree that the number of discovery events shall be limited in accordance with Local Rule 26.1(C) based on the information available at this time. However, each party reserves the right to seek additional discovery as allowed by Rule.

| | |
|---|---|
| KDK ENTERPRISES, INC.<br>By its Attorneys, | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br>By its Attorneys, |
| s/ James G. Grillo<br>Patrick J. Sullivan, Esq., BBO# 548752<br>James G. Grillo, Esq., BBO# 638730<br>Heafitz & Sullivan, LLP<br>56 Chestnut Hill Ave.<br>Boston, MA 02135<br>(617) 562-1000<br>email: info@hsconstructionlaw.com<br>Date: 11-4-05 | s/ Jonathan C. Burwood<br>Bradford R. Carver, Esq., BBO# 565396<br>Jonathan C. Burwood, Esq., BBO# 643674<br>Hinshaw & Culbertson LLP<br>One International Place, 3rd Floor<br>Boston, MA 02110<br>(617) 213-7000<br>email: jburwood@hinshawlaw.com<br>Date: 11-4-05 |